UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BEVERLY BALLARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| CHICAGO PARK DISTRICT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, BEVERLY BALLARD, ("Ballard" or "Plaintiff"), by and through her attorneys, The Law Offices of Eugene K. Hollander, and for her Complaint at Law against Defendant, CHICAGO PARK DISTRICT, ("Park District" or "Defendant"), states as follows:

**JURISDICTION**

1. This is a suit in equity authorized and instituted pursuant to the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq ("FMLA").

2. The jurisdiction of this court is invoked to secure protection of and to address deprivation of rights secured by 29 U.S.C. § 2601, providing for declaratory, injunctive, compensatory and other relief against violations of the FMLA. Jurisdiction of this court is based upon federal questions, 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391 (B). The Defendant resides or resided in this district and the events giving rise to Plaintiff's claims occurred here.

## BACKGROUND

4. Ballard is a citizen of the United States and the State of Illinois and resides in Chicago, Cook County, Illinois.

5. The Park District is a municipal corporation conducting business in Cook County, Illinois.

6. The Park District is an employer as that term is defined under the under the FMLA, 29 U.S.C. § 2611.

7. Ballard began her employment with the Park District in 1983. Ballard's most recent position at the Park District was Natatorium Instructor.

8. Throughout her employment, Ballard performed her job duties to the Park District's legitimate expectations.

9. Ballard's mother, Sarah Ballard, was diagnosed with end stage congestive heart failure in early 2006.

10. In March 2007, Plaintiff received a certification from her mother's physician for intermittent FMLA leave to provide care for her mother due to her mother's serious health condition. The necessary care included providing for Sarah Ballard's safety needs, transportation, personal care and medical care needs, and psychological comfort and care.

11. Ballard submitted the certification to the Park District in March 2007.

12. On or about December 19, 2007, Plaintiff and her mother were granted a trip to Las Vegas by the Fairygodmother Foundation, a non-profit charitable organization which granted wishes to individuals facing terminal illnesses. The trip was scheduled for

January 21, 2008 through January 26, 2008. Plaintiff was to accompany her mother on the trip as her mother's primary caregiver.

13. On December 19, 2007, Plaintiff informed her supervisor, Eric Fisher, Assistant Manager of Beaches and Pools, that her mother's trip to Las Vegas was granted by the Fairygodmother Foundation and requested that she be allowed to use her intermittent FMLA to cover the time off. Fisher instructed Plaintiff to submit her paperwork in January 2008.

14. On January 15, 2008, Plaintiff submitted a Leave Request Form to Fisher requesting time off from January 21, 2008 through January 29, 2008 for her mother's trip. Plaintiff also submitted a handwritten note that day to Fisher requesting leave from January 21, 2008 through January 28, 2008 for her mother's trip.

15. Plaintiff's request for leave was denied on January 17, 2008.

16. Prior to leaving for her trip, Plaintiff requested to speak to Fisher on more than one occasion to discuss the denial. Plaintiff's requests to speak with Fisher were denied. However, Plaintiff spoke to Fisher's assistant, Erica. Erica indicated to Plaintiff that if she faxed her the paperwork relating to the trip, her request for leave would be approved.

17. On January 21, 2008, Plaintiff faxed a letter from the Fairygodmother Foundation to Erica. The letter explained that the Fairygodmother Foundation was a 501(c)(3) charitable organization that grants end-of-life wishes to adults facing terminal illness with less than one year to live. The letter also confirmed that Plaintiff's mother's request to the Foundation for a trip to Las Vegas from January 21, 2008 to January 26, 2008 was granted.

18. Plaintiff and her mother took the trip to Las Vegas. During the trip, Plaintiff acted as her mother's primary caregiver, providing physical care, medical care and psychological comfort.

19. Plaintiff was absent from work from January 21, 2008 through January 27, 2008 in connection with the trip. Plaintiff's absence on January 27, 2008 was due to a fire at her hotel in Las Vegas.

20. On March 21, 2008, Plaintiff's employment with the Park District was terminated. Defendant's proffered reason for Plaintiff's termination was that she was absent without authorization on January 21, 22, 23, 24 and 27 of 2008.

## **COUNT I – FAMILY AND MEDICAL LEAVE ACT**

21. Plaintiff incorporates Paragraphs 1 through 20 as though more fully set forth herein.

22. At all pertinent times hereto, Plaintiff was an eligible employee, as defined by the Family Medical Leave Act ("FMLA"), 29 U.S.C. 2611, of the Park District.

23. Plaintiff was entitled to protected leave under the FMLA in connection with her mother's trip to Las Vegas.

24. Defendant willfully and intentionally interfered with Ballard's rights under the FMLA, 29 U.S.C. 2615, when it denied Plaintiff's request for leave to accompany her mother on her trip to Las Vegas and terminated Plaintiff for her absences in connection with the trip.

25. Plaintiff was prejudiced by Defendant's interference with her FMLA rights.

26. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, BEVERLY BALLARD, respectfully prays that this Honorable Court:

1. Enter a declaratory judgment that the practices complained of herein are unlawful and violate the Family Medical Leave Act of 1993;

2. Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law;

4. Immediately assign Plaintiff to the job that she would now be occupying but for the practices of Defendant, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which she would be enjoying but for the practices of Defendant, or if this is impossible, award Plaintiff front-end pay;

5. Compensate and make Plaintiff whole for all earnings, wages, including prejudgment interest and other benefits that she would have received but for the practices of Defendants;

6. Award Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees;

7. Award Plaintiff liquidated damages for Defendant's willful conduct;

8. Grant such other relief as may be just and proper.

                                                Respectfully submitted,

                                                Plaintiff,
                                                Beverly Ballard

                                By:     <u>s/ Paul W. Ryan</u>
                                                One of her attorneys

Eugene K. Hollander
Atty. No. 6193949
Paul W. Ryan
Atty. No. 6283906
**The Law Offices of Eugene K. Hollander**
33 N. Dearborn, Suite 2300
Chicago, IL 60602
(312) 425-9100